```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                    :
7 WEST 21 LI LLC,                                   :
                                                    :
                            Plaintiff,              :
                                                    :            20-CV-279 (JPC)
              -v-                                   :
                                                    :            ORDER
CLEMENT MOSSERI,                                    :
                                                    :
                            Defendant.              :
                                                    :
---------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Before this Court is Defendant Clement Mosseri's Motion to Stay and for Recusal, (Dkt. 30), seeking recusal of the undersigned and requesting a stay of this case. In his motion, Defendant also informs the Court that he is unable to participate in the Initial Pretrial Conference scheduled for January 20, 2021, at 2:00 p.m. due to a hearing condition. For reasons described below, the Court denies Defendant's Motion to Stay and Motion for Recusal. Further, the Initial Pretrial Conference scheduled for January 20, 2021, at 2:00 p.m. is hereby adjourned to February 10, 2021, at 11:00 a.m. To accommodate Defendant's condition, that conference will take place via video. At the scheduled time, all parties should log in to the video conference using the following link: https://meet.lync.com/fedcourts-nysd/meghan_henrich/N0CYNVAW. If Defendant's condition requires any further reasonable accommodations, he is directed to inform the Court by letter no later than two weeks before the conference.

A motion requesting the recusal of a federal judge is governed by 28 U.S.C. § 455. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be questioned." Under § 455(a), a court must "examine whether 'an objective, disinterested observer fully informed of the underlying facts,

[would] entertain significant doubt that justice would be done absent recusal.'" *Weaver v. IndyMac Fed. Bank, FSB*, No. 09 Civ. 5091 (LAP), 2019 WL 6173789, at * 1 (S.D.N.Y. Nov. 20, 2019) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)) (alterations in original). Additionally, § 455(b) provides a list of specific circumstances requiring a judge's recusal. When a court rules on a motion for recusal, "the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

Defendant's conclusory assertion that the undersigned's previous employment with the federal government with the United States Department of Justice "raises a question of . . . impartiality" because "the most important part of this case is a ruling by the court that requires the government to alter one of its rules," Dkt. 30 at 4, does not justify recusal. Section 455(b)(3) provides that a judge must recuse himself when "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." Defendant does not contend that the undersigned has expressed an opinion concerning the issues in this case, nor does he contend that the undersigned in any way participated in this case before its assignment. Defendant's other assertions, such as his speculation that "backdoor consultations ha[ve] occurred in this case," Dkt. 30, at 2, and this case was "improperly assigned to [the undersigned]," *id.* at 3, are completely unsupported by any factual allegations. Because Defendant's allegations are too conclusory, speculative, and unsupported by any evidence, Defendant's Motion for Recusal is DENIED.

Defendant further contends that this case must be stayed "until the Constitutional and Federal Questions are addressed by an impartial court." *Id.* at 4. Defendant's motion also alludes to a Second Circuit appeal. *Id.* at 2. The Court therefore interprets Defendant's motion as a request

for a stay of this action pending appeal. This Court has issued no appealable final orders. *See* 28 U.S.C. § 1291. Neither has Defendant requested a certification of any of this Court's orders pursuant to 28 U.S.C. § 1292(b), which would allow for an interlocutory appeal. Because the appeal of a non-final order does not divest the district court of jurisdiction, *United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996), the Court finds no grounds to issue a stay of the instant proceedings. Defendant's request for a stay of this action is therefore DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Defendant.

SO ORDERED.

Dated: January 19, 2021
New York, New York

JOHN P. CRONAN
United States District Judge