UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                       :

7 WEST 21 LI LLC,                               :

                             :

               Petitioner,          :

                             :         20 Civ. 279 (JPC)

           -v-                       :

                             :         <u>ORDER</u>

CLEMENT MOSSERI,                    :

                             :

               Respondent.       :

                             :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Petitioner 7 West 21 LI LLC initiated a holdover petition against its tenant, Respondent

Clement Mosseri, in the Civil Court of the City of New York, County of New York, Housing Part,

on February 13, 2019.  The Petition seeks Respondent's removal from Petitioner's apartment for

Respondent's failure to abide by the terms of the parties' rental agreement.  Respondent,

proceeding *pro se*, removed the proceeding to federal court on January 13, 2020.  Before the Court

now is Petitioner's Motion to Remand, arguing that Respondent's removal of this action was

untimely.

      Petitioner, however, waived its right to object to Respondent's removal on this procedural

ground by failing to seek remand within the mandatory deadlines set forth in 28 U.S.C. § 1447(c).

Petitioner's motion is therefore denied.  However, given potential jurisdictional issues identified

by the Court herein, Petitioner is granted leave to move to remand for lack of subject matter

jurisdiction.

## I.  Background

      Respondent received a Notice to Cure from Petitioner on or about December 11, 2018,

asserting that Respondent failed to comply with an annual re-certification requirement contained

in his lease agreement.[1]  Dkt. 1 ("Notice of Removal") ¶ 4; Dkt. 7 ("State Court Record") at 10-12 ("Notice to Cure").  The Notice to Cure explained that the apartment Respondent inhabited was subject to certain state laws, as well as "the rules and regulations of the federal Low-Income Housing Tax Credit ('LIHTC') program pursuant to Section 42 of the [Internal Revenue] Code." Notice to Cure at 2-3; *see* 26 U.S.C. § 42.  It further alleged that Respondent "failed to complete [his] annual recertification in its entirety and submit and/or disclose information regarding [his] income and family composition at [his] home."  Notice to Cure at 1.  The notice advised Respondent that unless he completed the "annual recertification process," *id.* at 2, Petitioner would "commence a summary holdover proceeding to remove [Respondent] from the subject apartment," *id.* at 1.

Approximately two months later, on February 13, 2019, Petitioner filed a summary holdover petition against Respondent.  State Court Record at 6-9 ("Petition").  The Petition incorporates the Notice to Cure and alleges that Respondent "defaulted in fulfilling his obligations pursuant to the . . . written rental agreement and in the manner specified in the Notice to Cure." *Id.* ¶¶ 6-7.  The Petition alleges that "[t]he term for which [Respondent] rented said premises expired on January 26, 2019" and that Respondent is now "in possession of the premises without the permission of the Petitioner-landlord, after the expiration of said term." *Id.* ¶¶ 9, 12.  As with the Notice to Cure, the Petition contains a paragraph noting that the apartment at issue is subject to various state laws as well as the LIHTC program under 26 U.S.C. § 42.  *Id.* ¶ 13.  Petitioner seeks judgment consisting of a warrant of eviction, rent arrears, "fair value of use and occupancy," and legal fees.  *Id.* at p. 3-4.

---

[1] In certain instances, New York law requires that "[p]rior to commencing a proceeding to recover possession based on a tenant's wrongful act, an owner must give the tenant written notice to cure."  *ATM One, LLC v. Landaverde*, 2 N.Y.3d 472, 475 (2004) (citation omitted).

Respondent filed a Notice of Removal with this Court on January 13, 2020, relying on federal question jurisdiction under 28 U.S.C. § 1331.  Notice of Removal ¶¶ 1, 17.[2]  Respondent bases this jurisdiction on the Petition's citation to the LIHTC program and section 42 of the Internal Revenue Code.  *Id.* ¶¶ 18-19.

On March 25, 2020, the Court granted leave for Petitioner to file a motion to remand by April 10, 2020.  Dkt. 8.[3]  The Court extended that deadline numerous times, *see* Dkts. 14, 17, 20, 25, 29, before Petitioner filed the instant motion on January 29, 2021, Dkt. 37 ("Motion to Remand").  The Court set a February 26, 2021 deadline for Respondent's opposition, Dkt. 35, but Respondent has not filed one.

## II.  Discussion

### A.  Petitioner's Motion to Remand

Petitioner argues that this proceeding should be remanded to state court because Respondent's Notice of Removal was filed outside the 30-day window for removal provided by 28 U.S.C. § 1446(b)(1).  Motion to Remand ¶¶ 55-61.  While the Court agrees that Respondent did not abide by section 1446(b)(1)'s requirement, Petitioner waived its right to object to this defect by failing to seek remand within 30 days of the filing of the Notice of Removal.  *See* 28 U.S.C. § 1447(c).

Title 28, United States Code, Section 1446 sets out the procedure for removal of civil actions to federal court, including several deadlines a removing defendant must meet.  As relevant to this motion, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after

---

[2] The Honorable John G. Koeltl initially presided over this case.  The case was reassigned to the undersigned on September 29, 2020.

[3] Judge Koeltl's March 25, 2020 Order did not extend any statutorily mandated deadlines, and explicitly advised Petitioner to "consider whether a motion to remand based on procedural defects is timely."  Dkt. 8.

the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  The statute also provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  However, because "defendants have no independent duty to investigate whether a case is removable[,] . . . [i]f removability is not apparent from the allegations of an initial pleading or subsequent document, the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered."  *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

As noted above, Respondent asserts federal question jurisdiction as a basis for removal and relies on the Petition's citation to the LIHTC program and the Internal Revenue Code.  Notice of Removal ¶¶ 1, 17-19; *see* Petition ¶ 13.  Respondent's alleged basis for removal was therefore apparent on the face of the Petition at the time Respondent was served with that pleading on February 20, 2019.  *See* Motion to Remand, Exh. B.[4]  At a minimum, Respondent was aware of his alleged basis for removal as of June 11, 2019, when he filed a motion to dismiss the Petition with the state court and cited to federal regulations related to the recertification requirement.  *See* State Record at 36.  Using either of these dates as a starting point for section 1446(b)'s 30-day clock, Respondent's filing of the January 13, 2020 Notice of Removal was untimely.

This determination, however, does not end the Court's analysis.  The Second Circuit has held that a defendant's 30-day time limit to remove a case is "merely a formal and modal requirement

---

[4] Nothing in the record suggests that Respondent did not receive notice of the Petition or that the Petition was improperly served.  To the contrary, Respondent filed an answer in the state court action on February 25, 2019.  State Court Record at 24-26.

and is not jurisdictional." *Agyin v. Razmzan*, 986 F.3d 168, 182 (2d Cir. 2021) (quoting *Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).  "Therefore, if an opposing party does not object to an untimely notice of removal by timely filing a motion to remand, the objection is waived."  *Id.*

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  While the Second Circuit has clarified that this deadline is not jurisdictional, it also has made clear that this time limit is "plainly mandatory."  *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005).  In *Phoenix Global Ventures*, the Second Circuit recognized a district court's authority to consider a motion to remand that was a day late because it was initially rejected by the court's electronic case filing ("ECF") system.  *Id.* at 75-76.  The court emphasized, however, that it was not "carving out an exception to the mandatory deadline of Section 1447" but was "simply recogniz[ing] the district court's authority to excuse [the plaintiff's] failure to comply with the ECF system requirements."  *Id.* at 76.

Courts in this District have construed *Phoenix Global Ventures* as permitting a court to excuse an untimely motion to remand in very limited circumstances, such as when a short delay is caused by technological difficulties or results from a plaintiff's failure to follow a judge's individual rules.  *See Scantek Med., Inc. v. Sabella*, No. 08 Civ. 453 (CM), 2008 WL 2518619, at *3 (S.D.N.Y. June 24, 2008) ("[T]he overall tenor of *Phoenix* is that exceptions are permitted to the 30-day deadline only in exceptional circumstances, such as failure to file due to a mechanical quirk of the electronic case filing system."); *Bisesto v. Uher*, No. 19 Civ. 1678 (KMK), 2019 WL 2537452, at *5 (S.D.N.Y. June 20, 2019) (excusing a one-day delay in filing a motion to remand which resulted from technical difficulties with the electronic case filing system); *Fed Ins. Co v.*

*Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 370 (S.D.N.Y. 2006) (deeming a motion to remand timely when the initial motion was made within the 30-day window but was denied without prejudice for failing to comply with the court's pre-motion conference requirement); *cf. Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 364 (S.D.N.Y. 2020) (finding that a one-day delay precluded consideration of the plaintiff's motion to remand when the plaintiff failed "to offer[] any excuse for her failure to act timely, whether as a result of procedural or technical difficulties or for any reason").

The Notice of Removal was filed on January 13, 2020, making the Motion to Remand more than eleven months late when it was filed on January 29, 2021.  As justification for the delay, Petitioner argues only that "based upon all the facts and circumstances set forth in [the Motion to Remand], in sum, [Respondent's] wilful [sic] or inadvertent failure to take proper steps to apprise [Petitioner] or the Civil Court of the filing of the Removal Notice in January 2020, this Court should deem this remand motion timely and remand the case back to the Civil Court."  Motion to Remand ¶ 64.  The Court assumes that Petitioner is referring primarily to two items attached to the Motion to Remand.  First, Petitioner has attached the state court's "Case Summary" sheet, which reflects that a notice of removal was filed with the state court on November 9, 2020.  *Id.*, Exh. H.  Second, Petitioner has attached emails dated November 24, 2020 between his counsel and the judge on the Housing Court, in which, among other things, the judge commented that "there is no indication in the [state] file that [the case] was removed to Federal Court."  *Id.*, Exh. I.

This justification falls well short of an "exceptional circumstance" that would excuse the failure to comply with section 1447(c).  The timing of a removing party's filing of a notice of removal with the state court is irrelevant to section 1447(c)'s 30-day deadline.  Section 1447(c) requires that the motion to remand "be made within 30 days after the filing of the notice of removal under section 1446(a)."  Section 1446(a), in turn, requires that "[a] defendant . . . desiring to

remove any civil action from a State court shall file in the *district court* . . . a notice of removal." 28 U.S.C. § 1446(a) (emphasis added); *see Almonte*, 462 F. Supp. 3d at 363 ("Section 1447(c) ties the deadline to file a motion to challenge remand to the date of filing a notice with the district court pursuant to Section 1446(a), not the filing with the state court pursuant to Section 1446(d).").[5] Thus, what triggers section 1447(c)'s 30-day clock is the filing of a notice of removal in federal court, which again in this case occurred on January 13, 2020.  Nor can Petitioner argue that it did not have notice of Respondent's removal of the Petition to federal court.  Petitioner acknowledges that its counsel was advised by the Court of this case's removal on March 16, 2020, Motion to Remand ¶ 40, and that its counsel appeared for a telephone conference before Judge Koeltl on March 17, 2020, *id.* ¶ 46.  *See also* Dkt. 9 (Petitioner's counsel's notice of appearance, filed on April 22, 2020).  Petitioner was therefore fully aware of the filing of the Notice of Removal in this Court as of at least mid-March 2020, yet waited more than half a year to file the instant motion to remand.

By failing to meet section 1447(c)'s deadline, Petitioner has waived any challenge to procedural defects in removal.  The Court therefore denies Petitioner's Motion to Remand as untimely.

## B.  Subject Matter Jurisdiction

The absence of subject matter jurisdiction, on the other hand, "is not waivable and may be raised at any time by a party or by the court *sua sponte*."  *Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647 (MKV), 2021 WL 2852039, at *1 (S.D.N.Y. July 8, 2021) (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000)).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."

---

[5] A separate provision, section 1446(d), governs the filing of a notice of removal with the state court.  *See* 28 U.S.C. § 1446(d).

*Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 276 (2d Cir. 2005) (emphasis removed) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Remand is mandatory "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Valentin*, 2021 WL 2852039, at *1 (describing the court's authority to "*sua sponte* remand a removed action at any time for lack of subject matter jurisdiction." (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006)).

As noted above, Respondent invoked federal question jurisdiction under section 1331 when he removed this case to federal court.  Notice of Removal ¶ 1.  "A cause of action raises an issue of federal law only when 'a right or immunity created by the Constitution or laws of the United States . . . [is an] essential [element] of the . . . cause of action.'"  *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012) (alterations in original) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).  The Supreme Court has also held that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues," *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), but only if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," *Shinnecock Indian Nation*, 686 F.3d at 139 (quoting *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314).

Courts in this Circuit have consistently held that subject matter jurisdiction is lacking over claims related to landlord-tenant matters, even when those claims purport to reference or rely on federal law.  *See 29 Flatbush Ave. Assocs., LLC v. Cain*, No. 17 Civ. 6173 (MKB), 2017 WL 5696485, at *2 (E.D.N.Y. Nov. 27, 2017) ("The law is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject-matter jurisdiction over state residential landlord-tenant matters."); *Southerland v. N.Y.C. Hous. Auth.*,

No. 10 Civ. 5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing the plaintiff's claims, including those proceeding under 42 U.S.C. § 1983, because "[t]he sum and substance of plaintiff's claims [were] related to his landlord-tenant matters"); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2004) ("Time and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and returned them to Housing Court."); *Galland v. Margules*, No. 05 Civ. 5639 (DC), 2005 WL 1981568, at *1-2 (S.D.N.Y. Aug. 17, 2005) (despite the plaintiff "refer[ing] to violations of his constitutional rights within his complaint," finding that "the instant action appear[ed] to arise out of a residential landlord-tenant action" and therefore the "[p]laintiff's case must be dismissed as federal courts do not have federal question subject-matter jurisdiction over state residential landlord-tenant matters"), *aff'd*, 191 F. App'x 23 (2d Cir. 2006).

Particularly instructive is *United Mutual Houses*, where the respondent, like here, attempted to remove a summary holdover petition from New York County Housing Court. 230 F. Supp. 2d at 350-51. The respondent in *United Mutual Houses* removed the action after the petitioner filed a bill of particulars and cited to the same federal law that Respondent in this action relies on for jurisdiction, "Section 42 of the United States Internal Revenue Code, and the Low Income Housing Tax Credit Program." *Id*. at 352. The respondent in *United Mutual Houses* specifically relied on the "questions of federal law" raised in the bill of particulars. *Id.* The court reviewed New York law governing these type of proceedings, and found that the bill of particular's citation to the LIHTC program was insufficient to confer jurisdiction because state law "holds the key" to summary holdover proceedings and that "the real issue in th[e] case . . . is whether [the petitioner] can meet the [state] statutory requirements for maintaining a summary holdover proceeding . . . against [the respondent]." *Id.* at 354. The court also noted that "[t]he Federal Rules of Civil Procedure provide no authorization for summary adjudication of landlord-tenant

disputes," and remanded the case back to state court after concluding that subject matter jurisdiction was lacking.  *Id.*

In light of these authorities, the Court harbors serious concern as to whether it has subject matter jurisdiction to adjudicate this dispute.  Accordingly, Petitioner may file a motion to remand based on lack of subject matter jurisdiction.  Should Petitioner choose to do so, Petitioner shall file its motion by no later than August 16, 2021.  Respondent's opposition shall be due September 13, 2021, and Petitioner's reply, if any, shall be due September 27, 2021.

### III.  Conclusion

Petitioner's Motion to Remand based on Respondent's untimely removal is therefore denied.  Petitioner may file a motion to remand based on lack of subject matter jurisdiction by August 16, 2021.

The Clerk of Court is respectfully directed to close the motion pending on Docket Number 37 and mail a copy of this Order to the *pro se* Respondent.

SO ORDERED.

Dated: July 18, 2021
      New York, New York
                                    JOHN P. CRONAN
                           United States District Judge